AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JASON TIMOTHY WASSER,<br><br>Defendant(s) | )<br>)<br>)  Case No. 13-5029-SNOW<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 7, 2013__ in the county of __Monroe__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a Firearm By a Prohibited Person |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Todd W. Blyth, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/9/13

_____
Judge's signature

City and state: __Key West, Florida__   Lurana S. Snow, United States Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Todd W. Blyth ("Your Affiant"), first being duly sworn, hereby deposes and states the following:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since August 2010. Prior to becoming a Special Agent, I was employed as a Federal Air Marshal, with the United States Department of Homeland Security for approximately eight and a half years. In addition, I was previously employed as a United States Border Patrol Agent and Deputy Sheriff in Monroe County, Florida. As a SA with HSI, I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18 of the United States Code. I am empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18, United States Code, Sections 922(g)(1).

2. This affidavit is made in support of a criminal complaint authorizing the arrest of Jason Timothy Wasser ("WASSER") for knowingly possessing a firearm after having been previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1).

3. The statements contained in this affidavit are based upon my investigation and information provided by other law enforcement officers. I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause in support of the criminal complainant and arrest warrant pertaining to WASSER's violations of Title 18, United States Code, Section 922(g)(1).

4. On February 24, 2012, WASSER entered a plea of nolo contendere in case number 2010CF001574A in Indian River County, Florida, to the crime of carrying a concealed weapon, in violation of F.S.A § 790.01 (a felony of the third degree that is subject to a term of imprisonment not to exceed five years). The court adjudicated WASSER guilty. WASSER was placed on probation for a period of eighteen months. WASSER signed the Order of Probation, indicating that he would not possess, carry or own any firearm, and that he would forfeit all firearms during his term of supervision.

5. On or about May 5, 2013, Florida State Probation had received a tip, from the Federal Bureau of Investigations (FBI) Violent Crimes Task Force, indicating that WASSER may be in possession of firearms and narcotics. Based on the FBI tip, Florida State Probation advised that they would be conducting a search of WASSER's residence, 1621 Rose Street, Apt. 1, Key West, Florida, 33040 (hereinafter, the "residence"). Florida State Probation indicated that they had authority to conduct home visits and could search the probationer's residence based on a reasonable suspicion of criminal activity.

6. On May 7, 2013, at approximately 6:15 a.m., I, along with several probation officers and a Key West Police Detective, executed a search of WASSER's residence, which he shared with three other roommates. Inside the residence probation officers discovered three baggies containing marijuana. WASSER claimed possession of the marijuana. Upon discovering the marijuana probation officers stopped the probation search and Detective Chausnit of the Key West Police Department applied for a search warrant. The Honorable Mark H. Jones, 16th Circuit Court Judge, issued a State of Florida warrant authorizing the search of WASSER's residence.

7. On May 7, 2013, at approximately 10:00 a.m., I, along with several other law enforcement officers, executed the search warrant at the residence. During the search of the residence, law enforcement recovered a Ruger P94, .40 caliber firearm. The firearm was located in a bag, inside WASSER's bedroom closet.

8. During an interview conducted outside of the residence, WASSER orally waived his Miranda rights. WASSER admitted that he was a convicted felon and could not legally possess the firearm. WASSER also admitted that he had purchased the firearm that law enforcement recovered from his closet, prior to being a convicted felon. WASSER also stated that he had attempted to sell the firearm to another individual but was not successful and therefore maintained possession of the gun.

9. Law enforcement continued to search the residence and also recovered a loaded Desert Eagle .50 caliber firearm and a Ruger Mark III .22 caliber pistol, from the kitchen. When asked about the firearms, WASSER declined to answer any further questions. However, WASSER stated that he had sold the guns to his girlfriend.

10. On May 7, 2013, I contacted Special Agent and Nexus Expert James VanVliet, IV, from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) nexus expert and verbally described the recovered firearms. SA VanVliet determined that the firearms were manufactured outside the State of Florida, and thus had traveled in interstate commerce.

11. Based on the foregoing, your affiant submits that there is probable cause to believe that on or about May 7, 2013, Jason Timothy WASSER, having been previously convicted of a crime punishable by imprisonment of a term exceeding one (1)

year, did knowingly possess a firearm affecting interstate commerce, in violation Title 18, United States Code, Sections 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NOT.

Todd W. Blyth, Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this ___9th___ day of May, 2013.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-5029-SNOW

UNITED STATES OF AMERICA

v.

JASON TIMOTHY WASSER,

Defendant.
_____/

## COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
SARAH J. SCHALL
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501805
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9377
FAX (305) 530-7976
Sarah.Schall@usdoj.gov