```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                        CASE NO. 13-10017-CR-KING
 3
     UNITED STATES OF AMERICA,
 4                                              Miami, Florida
                    Plaintiff(s),
 5                                              November 21, 2013
             vs.
 6
     JASON TIMOTHY WASSER,
 7
                    Defendant(s).
 8   ------------------------------------------------------------

 9                         SENTENCING HEARING
               BEFORE THE HONORABLE JAMES LAWRENCE KING
10                   UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   FOR THE PLAINTIFF(S):    Sarah Schall, Esquire
                              United States Attorney's Office
13                            99 North East Fourth Street
                              Miami, Florida 33132
14

15
     FOR THE DEFENDANT(S):    Stewart G. Abrams, Esquire
16                            Public Defender's Office
                              150 West Flagler Street
17                            Miami, Florida 33130

18

19

20   REPORTED BY:             Tammy Nestor, RPR
                              Nestor Court Reporting, Inc.
21                            tammynestor@yahoo.com

22

23

24

25
```

```
 1  Thereupon,
 2  the following proceedings began at 11:44 a.m.:
 3          THE COURT:  We have the case of United States versus
 4  Wasser with Ms. Sheehan for the government, Assistant U.S.
 5  Attorney Evelyn Sheehan.
 6          MS. SCHALL:  Your Honor, I'm Sarah Schall S-C-H-A-L-L.
 7  Ms. Sheehan is actually the forfeiture attorney.
 8          THE COURT:  Can you use the microphone, please.
 9          MS. SCHALL:  I apologize, Your Honor.  Can you hear me
10  better?
11          THE COURT:  Much better when you use the microphone.
12          Joyce, take that other one off when we get a recess.
13          MS. SCHALL:  I apologize, Your Honor.  Sarah Schall.
14          THE COURT:  It's not your fault.  Go ahead.
15          MS. SCHALL:  Sarah Schall, S-C-H-A-L-L, on behalf of
16  the government.
17          THE COURT:  Ms. Schall.
18          MS. SCHALL:  Ms. Sheehan is the forfeiture attorney,
19  Your Honor.
20          THE COURT:  I'm sorry?
21          MS. SCHALL:  Ms. Sheehan is the forfeiture prosecutor.
22          THE COURT:  I'm happy to hear that.  We always like to
23  have one of those.
24          Mr. Abrams, I see you are here for the defendant.
25          MR. ABRAMS:  Yes, sir.
```

```
 1          THE COURT:  Now, we got a bunch of objections here.
 2   What is the status of this?
 3          MR. ABRAMS:  Judge, actually, there was just one
 4   objection.  There were numerous factual matters that have been
 5   resolved.  This was information which I passed on to Ms. Schall
 6   and the probation office by email because it was simply
 7   corrections to answers to questions that Mr. Wasser had
 8   provided.
 9          There was only one objection and that was to PSI
10   paragraph 17 and the application of a four-level enhancement to
11   the base offense level.  Ms. Schall has filed a response to our
12   objection and is in agreement with our position that the
13   enhancement does not apply and we have -- and based on that,
14   after Your Honor makes your determinations, we have a joint
15   recommendation with respect to sentence.
16          THE COURT:  Now, let's talk about the facts of why
17   the -- let me see what the probation office -- have you filed
18   an amended -- no.  We just have the -- no, there is an addendum
19   date, November 15th, last week.  And I am looking at these
20   where they have said the issues were resolved.  And it appears
21   that, as you say, as you just argued, that the probation
22   officer has -- here's a whole bunch more, resolved, resolved,
23   resolved.  I will take your word for it.  It goes page after
24   page after page.  You say all that has been -- all the factual
25   issues have been resolved, is that correct?
```

```
 1              MR. ABRAMS:  Yes, sir.
 2              THE COURT:  Except one which is not factual.  It's a
 3   legal objection to the -- let's see.  Let me read this
 4   supplemental information.  All right.  Now, the most up to date
 5   that I have here reflects that the probation officer has the
 6   opinion and gives the advice to the Court that the revised
 7   offense level is 15, criminal history category 2, a range of 21
 8   to 27 months.  Let's take a look here.  Yes, that's what they
 9   have recommended.  Do we all agree that that is the
10   guideline -- well, you object to the guideline range reaching a
11   conclusion in which paragraph of the PSI?
12              MR. ABRAMS:  PSI paragraph 17, Judge.
13              THE COURT:  All right.  And this has to do with
14   because the defendant used or possessed a firearm or
15   transferred with knowledge, intent, it's increased by four
16   levels?
17              MR. ABRAMS:  Yes, sir.
18              THE COURT:  Now, you say you object to that.  What is
19   the government's position with respect to that objection?  I
20   mean, do you agree, do you object?
21              MS. SCHALL:  The government agrees with defense
22   counsel's analysis.  We do not believe that it applies.
23              THE COURT:  All right.  Now, have you had a chance --
24   you have had a chance, the probation officer, has had a chance
25   to look at this.  And do you think their analysis is persuasive
```

```
 1   to you or what is your recommendation?  You put this -- no,
 2   that was in that addendum paragraph I just read, is that
 3   correct, that you are now saying, probation now saying criminal
 4   history category 2, 15 which would necessarily -- no, that
 5   would be in here with the four.  I see where we are.  Okay.
 6           So Mr. Abrams is saying that the 15 level is in his
 7   judgment not applicable and it should be a level 11.  Is that
 8   your position?
 9           MR. ABRAMS:  The total offense level, Judge, we
10   believe, should be 12.  It would be 14, less 2 for acceptance
11   of responsibility, which would be an offense level 12, criminal
12   history category 2, advisory guideline range of 12 to 18
13   months.
14           THE COURT:  Now, tell me why, what facts you base your
15   conclusion on that the government agrees with you on, but let
16   me hear the facts.
17           MR. ABRAMS:  Yes, sir.  Judge, the probation officer's
18   assessment that the four-level enhancement applied was due to
19   the language which said that the weapon was used or possessed
20   in connection with another felony offense, the guideline also
21   talks about possessed or transferred a firearm, but that is
22   inapplicable.
23           The reason that the probation office assigned that
24   enhancement was due to the fact that 11.7 grams of marijuana
25   was found in Mr. Wasser's residence at the time his residence
```

```
 1  was searched.  Under Florida law, any quantity of marijuana
 2  under 20 grams is a misdemeanor.  It is not a felony.
 3  Therefore, the gun would not have been used or possessed in
 4  connection with a felony offense.
 5           The probation office goes on to read that, in
 6  connection with under the guidelines also there is language in
 7  the guidelines section 2K2.1 which refers to having or having
 8  possessed the firearm in connection with another offense and
 9  doesn't specify felony.
10           It is our position with which the government agrees
11  that the probation office has improperly combined two sections
12  of the guidelines since the section of the guidelines which
13  makes reference to possessing a firearm in connection with
14  another offense appears under the cross-reference provisions of
15  the guidelines and if Mr. Wasser had, in fact, possessed this
16  firearm in connection with another offense, the guidelines
17  instruct, if that section of the guidelines is used, that you
18  apply the guidelines for that other offense.
19           In this case, the parties agree that the proper
20  guideline section to be applied in this case is 2K2.1 which
21  would require for an enhancement Mr. Wasser to have possessed
22  the firearm in connection with a felony offense.  And under
23  Florida law, even if there was evidence of possession with
24  intent to distribute or sell or matters to that nature, the
25  Florida law provides that possession of marijuana under
```

```
 1   20 grams is a misdemeanor and therefore the four-level
 2   enhancement does not apply.
 3             THE COURT:  All right.  And that seems reasonable.
 4   And you have evaluated the law and the government --
 5             MS. SCHALL:  The government is in agreement with that
 6   analysis, Your Honor.
 7             THE COURT:  All right.  The motion then is granted.
 8   The Court will find that the correct guideline range should be
 9   12.  Criminal history category -- the total offense level
10   should be 12.  Criminal history category remains 2.  All right.
11             That then would give us a guideline range of?
12             MR. ABRAMS:  12 to 18 months, Your Honor.
13             THE COURT:  All right.  Now we fixed the guideline
14   range.  We will now turn to consideration of what ought to be
15   the sentence in this particular case.  From the government, I
16   understand -- well, tell me your recommendation.
17             MS. SCHALL:  Your Honor, the government recommends a
18   sentence at the low end of the sentencing guidelines.  This was
19   established in the plea agreement that the parties entered
20   into.  We would also ask that the defendant submit to
21   forfeiture of the firearms and ammunition, that the Court
22   respectfully indicate that in an order, specifically the
23   judgment and commitment order.
24             We would also ask that the defendant following his
25   release be placed on supervised release, conditions being that
```

```
 1   he participate in drug treatment, academic counseling if
 2   applicable, as well as job training while he's incarcerated.
 3              THE COURT:  All right.  For the defendant?
 4              MR. ABRAMS:  Yes, Judge.  The only difference is we
 5   would ask Your Honor to impose sentence of one year and one
 6   day.  We are anticipating supervised release.  And Mr. Wasser
 7   would like to avail himself of educational opportunities while
 8   he's incarcerated.
 9              THE COURT:  Any objection to that?  That would be --
10              MS. SCHALL:  No, Your Honor, no objection.
11              THE COURT:  The motion is granted then.  The defendant
12   has the right to speak.  I presume he does not have anything --
13   well, does he have anything he wants to say?
14              MR. ABRAMS:  No, Your Honor.
15              THE COURT:  All right.  He will rise, stand.
16              Jason Timothy Wasser, it is ordered and adjudged that
17   you be committed to the Bureau of Prisons for a term of one
18   year and one day followed by a one-year supervised release
19   period where the requirements, you shall not commit any other
20   crime, you shall not possess a firearm or other dangerous
21   instrumentality, not have anything to do with drugs or people
22   involved with drugs, illegal drugs of any kind, and you shall
23   cooperate with the collection of DNA and the following specific
24   provisions -- special conditions -- no, the recommended search
25   is denied for the reasons I have gone into on many other cases
```

```
 1  about the danger involved to agents and others and the limited
 2  value of it.
 3          So, therefore, it's the standard conditions of
 4  supervised release.  You have to report at certain times.  Your
 5  lawyer will explain all this to you.
 6          The Court makes the determination that you are unable
 7  to pay a fine; therefore, no fine is imposed.
 8          And the total sentence, a year and a day with one year
 9  supervised release and a $100 special assessment.
10          You are advised you have the right to appeal this
11  sentence within 14 days.  If you can't afford a lawyer, one
12  will be appointed for you under U.S. versus Jones.
13          Any objection to sentence or the manner in which it
14  was pronounced?
15          MR. ABRAMS:  None, Your Honor.
16          MS. SCHALL:  Nothing further.  And Your Honor will
17  impose the forfeiture in the order, please?
18          THE COURT:  You are moving for forfeiture?
19          MS. SCHALL:  Yes, Your Honor.
20          MR. ABRAMS:  I'm sorry, I --
21          THE COURT:  I was looking for the indictment, but I
22  don't have it.
23          MR. ABRAMS:  Judge, we would ask for a recommendation
24  that Mr. Wasser --
25          THE COURT:  Let me see about this forfeiture.  What
```

```
 1  are you seeking to forfeit?
 2          MS. SCHALL:  The firearms and ammunition that were
 3  recovered from the --
 4          THE COURT:  Motion granted.
 5          MS. SCHALL:  Thank you, Your Honor.
 6          THE COURT:  Now, the defense has some motions about
 7  place of confinement?
 8          MR. ABRAMS:  Yes, sir.  Typically, Your Honor, I ask
 9  for a federal -- I would ask for a particular federal facility.
10  In Mr. Wasser's case, he has a pending probation violation in
11  the State of Florida.  I would ask that Your Honor recommend
12  that the Bureau of Prisons designate a federal facility in the
13  State of Florida.  However, should Mr. Wasser be writted out of
14  the federal system and into the state system to resolve his
15  state probation matter, that the Bureau of Prisons be able to
16  at least temporarily designate the state facility for service
17  of the federal sentence.
18          The reason I ask that is so Mr. Wasser's federal time
19  will continue to run even should he be temporarily out of
20  federal custody.  And I can get together with Joyce on the
21  language if Your Honor would care to grant that.
22          THE COURT:  Does the government have any objection?
23          MS. SCHALL:  No, Your Honor.
24          THE COURT:  Motion is granted, and we will have the
25  word the language carefully because time spent in the state
```

```
 1  system, as we all know, normally is not counted as credit
 2  toward federal time.
 3          MR. ABRAMS:  Yes, sir.
 4          THE COURT:  All right.  If there's nothing further,
 5  the defendant is remanded to the custody of the United States
 6  Marshal.  And we will be in recess.
 7          (Thereupon, the hearing concluded at 12:00 p.m.)
 8                           - - -
 9                       C E R T I F I C A T E
10
11          I hereby certify that the foregoing is an
12  accurate transcription of the proceedings in the
13  above-entitled matter.
14
15
16  12/23/13                s/ Tammy Nestor
                            Tammy Nestor, RPR
17                          Nestor Court Reporting, Inc.
                            tammynestor@yahoo.com
18
19
20
21
22
23
24
25
```